[Crim. No. 3983.   Second Dist., Div. One.   Apr. 15, 1946.]

THE PEOPLE, Respondent, v. FREDERICK L. KORST, Appellant.

Paul E. Tapley and E. W. Miller for Appellant.

Robert W. Kenny, Attorney General, and Henry A. Dietz, Deputy Attorney General, for Respondent.

DORAN, J.—This is an appeal from judgment and order denying defendant's motion for a new trial.

Defendant was accused by information with the crime of burglary; the conviction of a prior offense of burglary was also alleged. A jury trial resulted in a verdict of guilty. The prior conviction was admitted on arraignment.

It is contended on appeal that the evidence is insufficient to support the judgment; also that the failure of the court to instruct the jury that a verdict of guilty required a concurrence of all twelve members of the jury, was error.

The evidence reveals that on the night of July 16, 1945, about 11 p.m., two officers while cruising in an automobile saw defendant running down the street "in a peculiar manner." Their suspicions aroused, they followed a short distance and finally drew up and stopped the car. One of the officers stepped out of the car and informed defendant, "we are police officers." Defendant immediately fled and while being pursued was seen by the officer to throw away some object which, when found after defendant's capture, was the purse or handbag, and contents, belonging to the complaining witness, Juanita Jensen. Miss Jensen lived in a one-room apartment on the ground floor of an apartment building located about one block from where the defendant was first seen by the officers. On the same night at about the same time herein mentioned, the handbag had been stolen. It had been placed on the bed near a partially open window when Miss Jensen arrived home about 11 p.m. About five minutes thereafter, attracted by a noise, she entered the room, found the screen open, the window raised and the purse gone.

With regard to the return of the jury and recording of the verdict, the reporter's transcript contains the following:

"THE COURT: Ladies and gentlemen of the jury, have you arrived at a verdict?

"THE FOREMAN: We have, your Honor.

"THE COURT: Will the foreman please hand the verdict to the Bailiff? Will you read the verdict? (The Court examines the verdict.) You recall the instruction which the Court gave you as to the degree of burglary; instructions that if you find the defendant guilty of burglary it is up to you to determine the degree thereof as burglary in the first degree. I will have to ask you to return and complete the verdict by filling in the degree.

"THE CLERK: Have they decided the degree?"

(At this point the foreman of the jury stepped forth, ac-

cepted the verdict and inserted the word "First" in pencil writing preceding the word "Degree.")

"THE COURT: Was that decided upon in the jury room?

"THE FOREMAN: Yes.

"THE CLERK: (reading) 'The People of the State of California, Plaintiff, vs. Frederick L. Korst, Defendant.

" 'We, the jury in the above entitled action, find the defendant, Frederick L. Korst, guilty of Burglary, a felony, as charged in the information, and find it to be burglary of the first degree.

" 'This 19th day of September, 1945.

(Signed) I. Sonnenschein, Foreman.'

"Ladies and gentlemen of the jury, so say you one, so say you all?"

(All members of the jury replied "Yes.")

"THE COURT: Do you care to have the jury polled?

"MR. DRABIN: We will waive polling of the jury, if your Honor please.

"THE COURT: Very well. Do you wish a recording of it?

"MR. DRABIN: I will waive the recording of the verdict, a reading of the verdict after recording.

"THE COURT: I want to thank you very much, ladies and gentlemen, for your attendance here today. I will ask the Clerk how your records are as to further attendance.

"Mr. Sonnenschein is excused, and the remainder of the jury are to return here Thursday, September 27, 1945, at 8:45 a. m. in Department 44. Mr. Sonnenschein is permanently excused, having finished his term, and I take it the other jurors are to return Thursday, September 27, 1945, at 8:45 a. m. in Department 44 in this building.

"MR. DRABIN: At this time, if your Honor please, on behalf of the defendant, Frederick L. Korst, I wish to make a motion for a new trial on the grounds set forth in 1181 and 1182 of the Penal Code, and more particularly upon section 5 of that section regarding instructions to the jury.

"Arguing my motion, it will be based upon the grounds, if your Honor, please, that in your instructions to the jury you failed, first, to instruct the jury, when they left the court room, to appoint or elect one of their number as foreman, and the foreman to bring the verdict back into the court; and, point two, that your Honor wholly failed to instruct the jury that this was a criminal procedure it is necessary for there to

be a unanimity of the verdict, and that instruction was not given to the jury.

"The Court: Apparently there was unanimity, and that is what they answered upon. You had an opportunity to determine that by polling the jury.

"Mr. Drabin: Yes, but, if your Honor please, that instruction should have been given to the jury at the time and I think it is a material instruction to be given to the jury, and the failure to do so prejudiced the right of the defendant to a fair and impartial trial. I think if your Honor will review the record and look at the instructions you will find that you did not give that instruction, and I think the court reporter in taking down the instructions did not receive any such instruction." Following a somewhat extended discussion between the court and counsel the motion was denied with the following comment:

"The Court: The Court sees no ground for charging the court with the burden of a further trial in this matter, and on the grounds of your motion I will have to deny the motion."

Manifestly, even though the failure to instruct on the matter in question were an oversight, a new trial would be necessary if such error had been prejudicial. It is evident, however, that no prejudice resulted. It seems apparent from the above record that defendant's counsel was the only one who noted the oversight and was aware of it before the jury retired. A reminder at that time would not have been unethical nor would it have been in violation of any duty resulting from the relation of attorney and client in a criminal action. The trial court had tendered a remedy; the offer was rejected. Having declined to poll the jury, the defendant cannot now be heard to complain. The motion for a new trial, in the circumstances, was properly denied.

The evidence supports the judgment and there being no prejudicial errors, the judgment and order are affirmed.

York, P. J., and White, J., concurred.

A petition for a rehearing was denied April 26, 1946, and appellant's petition for a hearing by the Supreme Court was denied May 13, 1946.